-O-

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KEVIN EDDIS MOORE,<br><br>        Petitioner,<br><br>        v.<br><br>GIGI MATTESON,<br><br>        Respondent. | No. CV 20-04516-JGB (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I.    INTRODUCTION

On May 15, 2020, Kevin Eddis Moore ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). On July 2, 2020, the Court ordered Respondent to file a response to the Petition. See Dkt. 4. On July 9, 2020, Respondent moved to vacate the order, arguing that Petitioner's failure to obtain authorization to file a second or successive petition deprived the Court of jurisdiction. See Dkt. 9. On August 14, Petitioner constructively filed an opposition. See Dkt. 14.

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner is not

entitled to the relief he seeks because his claims are either not cognizable on federal habeas review or successive. The Petition is thus dismissed. Because reasonable jurists could not disagree with this disposition, the Court will deny a certificate of appealability.

## II.   BACKGROUND

Petitioner was convicted in 1995 of second-degree robbery. See id. at 2.[1] He also had three prior serious or violent convictions under California's Three Strikes Law and was sentenced to state prison for a term of twenty-five years to life. See id.

Petitioner has filed three prior habeas corpus petitions in this Court. In 2004, Petitioner filed a § 2254 petition seeking relief from his conviction. See Moore v. Lamarque, Case No. CV 04-09318-AHS (MAN) (C.D. Cal.), Dkt. 1. The action was dismissed with prejudice because the petition was untimely. See id., Dkt. 41. In 2007, Petitioner filed his second § 2254 petition. See Moore v. Hedgpeth, Case No. CV 07-03841-AHS (MAN) (C.D. Cal.), Dkt. 1. This second action was dismissed as an unauthorized second or successive petition. See id., Dkt. 3. In 2012, Petitioner a filed his third § 2254 petition. See Moore v. Yates, Case No. CV 12-09318-AHS (MAN) (C.D. Cal.), Dkt. 1. This action was also dismissed as an unauthorized second or successive petition. See id., Dkt. 3.

In the instant Petition, Petitioner argues that: (1) he is entitled to immediate parole release pursuant to the Eighth Amendment; (2) he is eligible for early parole consideration under Proposition 57; (3) his 1985 robbery conviction should not have counted as a strike under California Penal Code § 667.5; and (4) he should be allowed to withdraw his plea. See Petition at 7-26.

---

[1] All citations are to the CM/ECF pagination.

2

## III.   DISCUSSION

Following a review of Petitioner's claims, the Court concludes that the Petition should be dismissed for failure to state a cognizable claim and as successive.

### A.   Failure to State a Cognizable Habeas Claim

In Ground One, Petitioner argues that he is entitled to immediate parole release under the Eighth Amendment of the United States Constitution. See Petition at 7-10. But Petitioner's claim that his indeterminate life sentence is disproportionate to his culpability is foreclosed by Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 422 U.S. 1, 12 (1979), which held a convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. See also Harmelin v. Michigan, 501 U.S. 957 (1991) (Eighth Amendment contains no proportionality guarantee).

In Ground Two, Petitioner argues that he is eligible for early parole consideration under Proposition 57, which amended the California Constitution to allow nonviolent offenders to be "eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 33(a)(1). California cases addressing the application of Proposition 57 have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Dep't of Corrs. and Rehab., No. 17-01510, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018) (collecting cases). Thus, while Proposition 57 provides for expanded eligibility of parole for certain convicted felons, it "does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted." Travers v. People of the State of California, No. 17-06126, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018).

Accordingly, if Petitioner were to prevail on his Proposition 57 claim, it would not necessarily result in a speedier release from prison. Put another way,

even if Petitioner received an earlier parole consideration, it would not compel a grant of parole as Petitioner could still be found unsuitable based on reasons that have not been litigated here. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (noting that the parole board must consider "[a]ll relevant, reliable information" in determining parole suitability, and may deny parole "on the basis of any of the grounds presently available to it") (citations omitted). Because success on this claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within the "core of habeas corpus," id., and is thus not cognizable on federal habeas review. See Mattox v. Koenig, No. 19-10851, 2020 WL 3841255, at *3 (C.D. Cal. Mar. 25, 2020) ("[T]he district courts in all of the federal districts in California agree that prisoners' claims of eligibility for accelerated parole consideration under Proposition 57 fail to raise a cognizable federal issue.") (collecting cases).

Additionally, whether Petitioner is entitled to relief under Proposition 57 is an issue of state law. "We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted).

## B.   Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). A federal court will not consider a second or successive federal habeas petition unless it falls one of two narrow exceptions: claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, and certain claims relying on new rules of constitutional law. See id. at 661-62 (citing 28 U.S.C. § 2244(b)(1-2)). Furthermore, "[b]efore a

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, Petitioner has filed at least three prior federal habeas petitions; one was dismissed as untimely, the other two as successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal for failure to comply with the statute of limitations is a dismissal on the merits that renders subsequent petitions successive). In Grounds Three and Four, Petitioner attacks his 1995 conviction and sentence by arguing that his 1985 robbery conviction should not have counted as a strike and thus he should be able to withdraw his plea. See Petition at 19-26.

In light of his prior dismissals, the Court finds that, with respect to Grounds Three and Four, the Petition is successive. Petitioner argues that these claims are based on a new rule of constitutional law, articulated in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See Dkt. 14 at 5-6. Even if so, Petitioner is still required to request and obtain authorization from the Ninth Circuit before filing a successive petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain Grounds Three and Four. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.").

## IV.   CONCLUSION

The Petition is DISMISSED. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that Grounds One and Two are not cognizable on federal habeas review, and that Grounds Three and four are successive. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

Date: October 28, 2020

JESUS G. BERNAL
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge